## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EVIDEO OWNERS, | **:** | |
| MAURO DIDOMENICO, | **:** | |
| DOUGLAS BUERGER, | **:** | |
| CRAIG LINDEN, | **:** | |
| REALVIRT LLC and | **:** | |
| and PAUL BAROUS, | **:** | |
| individually and on behalf of | **:** | |
| all those similarly situated, | **:** | |
| | **:** | |
| Plaintiffs, | **:** | Case No. 15-413-LKG |
| | **:** | |
| v. | **:** | Judge Lydia Kay Griggsby |
| | **:** | |
| THE UNITED STATES | **:** | |
| | **:** | |
| Defendant. | **:** | |

## <u>NOTICE OF APPEAL</u>

Pursuant to Rule of the United States Court of Federal Claims ("RCFC") No. 58.1 and

Federal Rules of Appellate Procedure 3 and 4, Plaintiffs hereby appeal to the United States Court

of Appeals for the Federal Circuit from this Court's Order of March 31, 2016 (ECF No. 22),

granting the defendant's motion to dismiss and Judgment entered March 31, 2016 (ECF No. 23)

regarding same.

Respectfully submitted,

DATED:  May 27, 2016          **/s/  Patrick R. Delaney**

PATRICK R. DELANEY
Ditthavong & Steiner, P.C.
44 Canal Center Plaza, Suite 322
Alexandria, Virginia 22314
Telephone: (703) 519-9951
Facsimile: (703) 519-9958
Email:  pdelaney@dcpatent.com

*Attorneys for Appellants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing NOTICE OF APPEAL was filed under the Court's CM/ECF System with the Clerk of the Court using the CM/ECF system, which will send a notification of such electronic filing (NEF) to all counsel of record on this 27th day of May, 2016.

 <u>/s/ **Patrick R. Delaney**</u>
Patrick R. Delaney

APPEAL,CLOSED,ECF,MPLA

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:15-cv-00413-LKG
## Internal Use Only

EVIDEO OWNERS et al v. USA
Assigned to: Judge Lydia Kay Griggsby
Demand: $10,000,000,000
Cause: 28:1491 Tucker Act

Date Filed: 04/24/2015
Date Terminated: 03/31/2016
Jury Demand: None
Nature of Suit: 508 Patent
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**EVIDEO OWNERS**
*and*

represented by **Joseph Jude Zito**
Ditthavong & Steiner, P.C.
44 Canal Center Plaza
Alexandria, VA 22314
(202) 466-3500
Email: jzito@dcpatent.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MAURO DIDOMENICO**
*individually and on bahalf of a class of*
*all those similarly situated*

represented by **Joseph Jude Zito**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**USA**

represented by **David Allen Foley , Jr.**
U.S. Department of Justice - Civil
Divison
P.O. Box 888
Ben Franklin Station
Washington, DC 20044
(202) 307-0346
Fax: (202) 307-0345
Email: david.a.foley@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/27/2016 | 27 | NOTICE OF APPEAL as to 22 Order on Motion to Dismiss - Rule 12(b)(1) and (6), Order on Motion for Oral Argument, Reported Opinion,,,, 23 Judgment, filed by EVIDEO OWNERS. Filing fee $ 505, receipt number 9998-3351726. Copies to judge, opposing party and CAFC. (Delaney, Patrick) (Entered: 05/27/2016) |
| 05/16/2016 | 26 | UNREPORTED OPINION denying 24 Motion for Reconsideration. Signed by Judge Lydia Kay Griggsby. (mg) Copy to parties. Modified on 5/16/2016 to edit docket text to delete the reference to enter judgment. (dls). (Entered: 05/16/2016) |
| 05/16/2016 | 25 | RESPONSE to 24 Motion for Reconsideration , filed by USA. (Foley, David) (Entered: 05/16/2016) |
| 04/28/2016 | 24 | MOTION for Reconsideration re 22 Order on Motion to Dismiss - Rule 12(b)(1) and (6), Order on Motion for Oral Argument, Reported Opinion,,, , filed by All Plaintiffs.(Delaney, Patrick) (Entered: 04/28/2016) |
| 03/31/2016 | 23 | JUDGMENT entered, pursuant to Rule 58, dismissing plaintiffs' complaint. Each party shall bear its own costs. (Copy to parties) (dls) (Entered: 03/31/2016) |
| 03/31/2016 | 22 | REPORTED OPINION Granting 11 Defendant's Motion to Dismiss - Rule 12(b)(1) and (6); Denying as Moot 14 Plaintiffs' Motion for Oral Argument. The Clerk is directed to enter judgment. Each party to bear its own costs. Signed by Judge Lydia Kay Griggsby. (mg) Copy to parties. (Entered: 03/31/2016) |
| 01/25/2016 | 21 | SUPPLEMENTAL BRIEF re: 15 Order *Reply Brief*, filed by USA. (Foley, David) (Entered: 01/25/2016) |
| 01/25/2016 | 20 | REPLY to Response to 18 Supplemental Brief, , filed by All Plaintiffs. (Delaney, Patrick) (Entered: 01/25/2016) |
| 01/11/2016 | 19 | RESPONSE to *Defendant's Initial Supplemental Brief*, filed by All Plaintiffs. (Delaney, Patrick) (Entered: 01/11/2016) |
| 01/11/2016 | 18 | SUPPLEMENTAL BRIEF re: 12 Response to Motion [Dispositive], 16 Supplemental Brief, 11 Motion to Dismiss - Rules 12(b)(1) and (6), 14 Motion for Oral Argument, 15 Order, 13 Reply to Response to Motion, 17 Supplemental Brief, *Response*, filed by USA. (Foley, David) (Entered: 01/11/2016) |
| 12/14/2015 | 17 | SUPPLEMENTAL BRIEF re: 12 Response to Motion [Dispositive], 11 Motion to Dismiss - Rules 12(b)(1) and (6), 14 Motion for Oral Argument, 15 Order, 13 Reply to Response to Motion , filed by USA. (Foley, David) (Entered: 12/14/2015) |
| 12/14/2015 | 16 | SUPPLEMENTAL BRIEF , filed by All Plaintiffs. (Delaney, Patrick) (Entered: 12/14/2015) |
| 11/10/2015 | 15 | |

| | | |
|---|---|---|
| | | ORDER. **Initial briefs due by 12/14/15; responsive briefs due by 1/11/16; reply briefs, if any, due by 1/25/16.** Signed by Judge Lydia Kay Griggsby. (lh) Copy to parties. (Entered: 11/10/2015) |
| 10/06/2015 | 14 | MOTION for Oral Argument , filed by All Plaintiffs.**Response due by 10/23/2015.**(Delaney, Patrick) (Entered: 10/06/2015) |
| 09/23/2015 | 13 | REPLY to Response to Motion re 11 MOTION to Dismiss pursuant to Rules 12(b)(1) and (6) , filed by USA. (Foley, David) (Entered: 09/23/2015) |
| 09/14/2015 | 12 | RESPONSE to 11 MOTION to Dismiss pursuant to Rules 12(b)(1) and (6) , filed by All Plaintiffs.**Reply due by 10/1/2015.** (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4)(Delaney, Patrick) (Entered: 09/14/2015) |
| 08/14/2015 | 11 | MOTION to Dismiss pursuant to Rules 12(b)(1) and (6) , filed by USA.**Response due by 9/14/2015.** (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Foley, David) (Entered: 08/14/2015) |
| 06/17/2015 | 10 | AMENDED COMPLAINT against USA, filed by All Plaintiffs. **Response due by 8/21/2015.** (Attachments: # 1 Exhibit SAWS Project Charter, # 2 Exhibit Expert Report of Commissioner for Patents John Doll)(Zito, Joseph) Modified on 6/18/2015 to correct deadline pursuant to court order 9 (ar). (Entered: 06/17/2015) |
| 06/17/2015 | 9 | ORDER granting 8 unopposed motion for leave to file a first amended complaint and for an enlargement of time for defendant to file its response. **Amended pleadings due by 6/22/2015; response due by 8/21/15.** Signed by Judge Lydia Kay Griggsby. (ps) Copy to parties. (Entered: 06/17/2015) |
| 06/17/2015 | 8 | Unopposed MOTION to Amend Pleadings - Rule 15 1 Complaint, , filed by All Plaintiffs.**Response due by 7/6/2015.** (Attachments: # 1 Exhibit First Amended Complaint, # 2 Text of Proposed Order)(Zito, Joseph) (Entered: 06/17/2015) |
| 06/15/2015 | 7 | ORDER granting 6 Motion to Strike 5 Plaintiffs' First Amended Complaint *as filed in error* Signed by Judge Lydia Kay Griggsby. (ps) Copy to parties. (Entered: 06/15/2015) |
| 06/15/2015 | 6 | MOTION to Strike 5 Answer *as filed in error*, filed by All Plaintiffs.**Response due by 7/2/2015.**(Zito, Joseph) (Entered: 06/15/2015) |
| 06/12/2015 | 🔒 5 | *SEALED* ~~First Amended Complaint Filed Prior to~~ ANSWER to 1 ~~Complaint, , filed by All Plaintiffs. (Attachments: # 1 Exhibit, # 2 Exhibit)~~ ~~JPSR due by 8/3/2015.~~(Zito, Joseph) Modified on 6/16/2015 to strike pursuant to court order (ar). (Entered: 06/12/2015) |
| 06/02/2015 | 4 | NOTICE of Appearance by David Allen Foley, Jr for USA .. (Foley, David) (Entered: 06/02/2015) |
| 04/24/2015 | 3 | NOTICE of Designation of Electronic Case. (ar) (Entered: 04/24/2015) |
| 04/24/2015 | 2 | |

| | | NOTICE of Assignment to Judge Lydia Kay Griggsby. (ar) (Entered: 04/24/2015) |
|---|---|---|
| 04/24/2015 | 1 | COMPLAINT against USA (COM) (Filing fee $400, Receipt number CFC100000688) (Copy Served Electronically on Department of Justice), filed by EVIDEO OWNERS, MAURO DIDOMENICO.**Answer due by 6/25/2015.** (Attachments: # 1 Civil Cover Sheet)(ar) (Entered: 04/24/2015) |

# In the United States Court of Federal Claims
## Appeal Information Sheet

**Assigned to:**    Judge Elaine D. Kaplan

Referral Judge:

**Nature of Suit:**   508

**Type of Case**:   Patent

**EVIDEO OWNERS, ET. AL.,**
      *Plaintiff,*
          v.

**UNITED STATES,**
      *Defendant,*

---

**Docket No**.: 15-413C.

**Cross or Related**:  No.

**Appellant is**: Plaintiffs.

**Date Judgment Entered**:  March 31, 2016.

**Date of Appeal:**  May 27, 2016.

**Fee**:  $500. Filing fee paid.

*See docket sheet for defendant and plaintiff counsel representation information*

# In the United States Court of Federal Claims

No. 15-413C
(Filed: March 31, 2016)

| | |
|---|---|
| EVIDEO OWNERS, et al., | ) |
| | ) |
| Plaintiffs, | ) Rule 12(b)(1), Subject-Matter |
| | ) Jurisdiction; RCFC 12(b)(6), Failure to |
| v. | ) State a Claim; Implied Contract; RCFC |
| | ) 9(k); Illegal Exaction; Fifth Amendment |
| THE UNITED STATES, | ) Due Process. |
| | ) |
| Defendant. | ) |
| | ) |

*Joseph J. Zito*, Attorney of Record, Ditthavong & Steiner, P.C., Alexandria, VA, for plaintiffs.

*David A. Foley, Jr.*, Trial Attorney, *John Fargo*, Director, Intellectual Property Staff, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, and *Heidi Bouregois,* Of Counsel, *Joseph Matal,* Of Counsel, and *Nicolas Oettinger,* Of Counsel, United States Patent and Trademark Office, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

## I.     INTRODUCTION

Plaintiffs, assignees or owners of certain patent applications submitted to the United States Patent and Trademark Office ("USPTO"), allege that the USPTO has violated the Due Process Clause of the United States Constitution, breached certain implied-in-fact contracts with plaintiffs and illegally exacted certain fees from plaintiffs, by failing to inform plaintiffs of the fact that their patent applications have been referred to the USPTO's Sensitive Application Warning System ("S.A.W.S.") program. The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs have also moved for oral argument. For the reasons set forth below, the Court (1) **GRANTS** the government's motion to dismiss and (2) **DENIES** plaintiffs' motion for oral argument as moot.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs, eVideo Owners, Mauro DiDomenico, Jr., Douglas Buerger, Craig Linden, Realvirt LLC and Paul Barous, are either the owners or assignees of one or more patent applications that have been filed with the United States Patent and Trademark Office.  Am. Compl. at ¶¶ 1, 17, 19-22.  In their amended complaint, plaintiffs allege that the USPTO violated their substantive due process rights under the United States Constitution, breached implied-in-fact contracts with plaintiffs and illegally exacted certain fees from plaintiffs, by failing to notify plaintiffs of the fact that the USPTO had referred their patent applications to the S.A.W.S. program.  *Id*. at ¶¶ 15, 42, 64, 68-74.

Specifically, plaintiffs allege that the USPTO flagged their patent applications for additional review under the S.A.W.S. program after the applications had been submitted to the USPTO for approval.  *Id*. at ¶¶ 15, 46, 50, 54, 58.  Plaintiffs further allege they have been financially harmed and have experienced undue delay in the processing of these patent applications, as a result of the USPTO's decision to refer the patent applications to the S.A.W.S. program.  *Id*. at ¶¶ 15, 42, 46, 50, 54, 58.

In addition, plaintiffs allege that the USPTO violated 35 U.S.C. § 132(a) and its implementing regulation, 37 C.F.R. § 1.104(a)(2)−which require that the USPTO notify patent applicants of a rejection, objection, or requirement related to a patent application−by failing to notify plaintiffs of the fact that their patent applications had been referred to the S.A.W.S. program.  *Id*. at ¶¶ 60-63.  In this regard, plaintiffs allege that if they had been notified of the referral to the S.A.W.S. program, they may have changed their strategy in pursuing the patent applications.  Def. Resp. to Pl. Supp. at 5; Pl. Supp. Rep. at 2.  And so, plaintiffs seek to recover all of the fees that they paid to the USPTO following the referral of their patent applications to

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiffs' amended complaint ("Am. Compl. at __"), defendant's motion to dismiss ("Def. Mot. at __"), plaintiffs' opposition thereto ("Pl. Opp. at __"), defendant's reply in support of its motion to dismiss ("Def. Rep. at __"), plaintiffs' supplemental brief ("Pl. Supp. at __"), defendant's supplemental brief ("Def. Supp. at __"), plaintiffs' response to defendant's supplemental brief ("Pl. Resp. to Def. Supp. at __"), defendant's response to plaintiffs' supplemental brief ("Def. Resp. to Pl. Supp. at __"), plaintiffs' reply in support of its supplemental brief (Pl. Supp. Rep. at __"), and defendant's reply in support of its supplemental brief ("Def. Supp. Rep. at __").  Except where otherwise noted, the facts recited here are undisputed.

the S.A.W.S. program, as well as all attorney's fees paid during the review of their applications under the S.A.W.S. program. Am. Compl. at Prayer for Relief.

### A.    The eVideo Owners And DiDomenico Patent Applications

Plaintiff, Dr. Mauro DiDomenico, Jr., has owned patent application numbers 09/840,868 and 13/333,840 since September 27, 2002. Pl. Opp. at 19. Dr. DiDomenico is the inventor of the technology underlying both of these patent applications. Am. Compl. at ¶ 2. These patent applications involve systems and methods for providing video on demand services. *Id*. at ¶ 34.

Patent application number 09/840,868 ("DiDomenico Patent Application 1") was filed with the USPTO on April 25, 2001. *Id*. at ¶¶ 3, 36. On May 9, 2003, the USPTO issued a final rejection of DiDomenico Patent Application 1. *Id*. The USPTO later acknowledged, however, that the final rejection was premature and withdrew the rejection. *Id*. at ¶ 36. Subsequently, on June 30, 2003, the USPTO issued a non-final rejection, which it also later withdrew. *Id*. On May 10, 2004, the USPTO issued a second final rejection, which it again withdrew as improper. *Id*. Finally, on June 3, 2009, the USPTO issued a final rejection of DiDomenico Patent Application 1 based upon the doctrine of *res judicata*. *Id*. On October 21, 2011, an appellate board of the USPTO reversed the patent examiner's final rejection decision. *Id*. The amended complaint does not state whether DiDomenico Application 1 is still pending before the USPTO. *See generally* Am. Compl.

Plaintiffs allege that DiDomenico Patent Application 1 has been referred to the S.A.W.S. program. Am. Compl. at ¶¶ 15, 39. Plaintiffs further allege that this patent application has been "delayed by a series of contentious rejections by the Examiner assigned to the case." *Id*. at ¶ 36. In this regard, plaintiffs also contend that they have been waiting for more than thirteen years for the final disposition of this patent application. *Id*. at ¶¶ 3, 38.

The second DiDomenico patent application, patent application number 13/333,840 ("DiDomenico Patent Application 2"), was filed with the USPTO on December 21, 2011. *Id*. at ¶ 37. On November 6, 2014, the USPTO issued a final rejection of DiDomenico Patent Application 2, and the final rejection has since been appealed. *Id*. Plaintiffs allege that DiDomenico Patent Application 2 has also been referred to the S.A.W.S. program. *Id*. at ¶¶ 15, 39.

**B.      The Buerger, Linden, Realvirt And Barous Patent Applications**

Plaintiffs Douglas Buerger, Craig Linden, Realvirt, LLC and Paul Barous are the owners or assignees of several other patent applications filed with the USPTO.  *See* Am. Compl. at ¶¶ 4-7.  Specifically, Douglas Buerger owns patent application number 13/602,835.  *Id*. ¶¶ 4, 43.  Plaintiff Craig Linden is the assignee of patent application numbers 09/856,228, 10/469,800, and 12/172,993.  *Id*. at ¶¶ 5, 48.  Plaintiff Realvirt, LLC owns patent application numbers 07/773,161 and 13/368,316, which were filed with the USPTO on October 8, 1991.  *Id*. at ¶¶ 6, 21, 52.  Plaintiff Paul Barous is the assignee of patent application number 10/397,778.  *Id*. at ¶¶ 7, 22.  Plaintiffs do not state in the amended complaint whether the USPTO has accepted or rejected the Buerger, Linden, Realvirt and Barous patent applications, or whether any of these patent applications are currently pending before the USPTO.  *See generally* Am. Compl.  Plaintiffs contend that the above-mentioned patent applications have been referred to the S.A.W.S. program.  *Id*. at ¶¶ 46, 50, 54, 58.

**C.      The S.A.W.S. Program**

The USPTO's S.A.W.S. program is a now-defunct program that was intended "to increase the quality of issued patents."  Def. Mot. at 2.  Under the S.A.W.S. program, patent applications that were of "special interest to the USPTO would be flagged by the agency for an additional internal quality assurance check."  *Id*.  According to the government, approximately 0.04% of pending patent applications fell within the S.A.W.S. program each month, during the time period when the S.A.W.S. program was operational.  *Id.*  The USPTO retired the S.A.W.S. program on March 2, 2015.  *Id.*

**D.      Procedural Background**

On April 24, 2015, plaintiffs filed the complaint in this matter.  *See generally* Compl.  On June 17, 2015, plaintiffs filed an unopposed motion to amend the pleadings.  *See* Mot. to Amend Pleadings.  The Court granted plaintiffs' motion to amend the pleadings on June 17, 2015, and plaintiffs filed their first amended complaint on that date.  *See* June 17, 2015 Order; Am. Compl.

On August 14, 2015, defendant filed a motion to dismiss this matter pursuant to RCFC 12(b)(1) and RCFC 12(b)(6).  Def. Mot.  On September 14, 2015, plaintiffs filed a response and opposition to the defendant's motion to dismiss.  *See generally* Pl. Opp.  On September 23, 2015,

defendant filed a reply in support of its motion to dismiss. *See generally* Def. Rep. Subsequently, plaintiffs filed a motion for oral argument. *See generally* Pl. Mot. for Oral Argument, Oct. 6, 2015.

On November 10, 2015, the Court ordered the parties to provide supplemental briefing on whether the Court possesses jurisdiction to consider plaintiffs' illegal exaction claim and whether the Court's Tucker Act jurisdiction with respect to plaintiffs' illegal exaction claim is displaced by the remedies available under 35 U.S.C. § 42(d) and 37 C.F.R. § 1.26. *See* Nov. 10, 2015 Order. On December 14, 2015, the parties filed their initial supplemental briefs. *See generally* Pl. Supp.; Def. Supp. On January 11, 2016, the parties filed their supplemental responsive briefs. *See generally* Pl. Resp. to Def. Supp.; Def. Resp. to Pl. Supp. On January 25, 2016, the parties filed their supplemental reply briefs. *See generally* Pl. Supp. Rep.; Def. Supp. Rep. The matter having been fully briefed, the Court resolves the pending motions to dismiss and for oral argument.

## III. LEGAL STANDARDS

### A. RCFC 12(b)(1), Jurisdiction And Standing

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1). But, plaintiffs bear the burden of establishing subject-matter jurisdiction and they must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express

or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Tucker Act, however, is a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398 (1976).  And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States.  *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008); (citing *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003).  "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'"  *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

In addition, plaintiffs must also demonstrate that they have standing to bring this claim. *Aspex Eyewear, Inc. v. Altair Eyewear, Inc.*, 288 F. App'x 697, 704 (Fed. Cir. 2008); *see also Bannum, Inc. v. United States*, 115 Fed. Cl. 148, 150 (2014).  To establish standing, plaintiffs must demonstrate: (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43 (1976)).

## B.    RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the non-movant's favor.  *Erickson*, 551 U.S. at 94; RCFC 12(b)(6).  To survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  And so, when the complaint fails to "state a claim to relief that is plausible on its face," the Court

must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity" and determine whether it is plausible, based on these facts, to find against the defendant. *Id*. at 679.

### C.     Implied-In-Fact Contracts And RCFC 9(k)

Plaintiffs bear the burden of proving the existence of a contract with the United States, and plaintiffs must show that there is "something more than a cloud of evidence that could be consistent with a contract to prove a contract and enforceable contract rights." *D & N Bank v. United States*, 331 F.3d 1374, 1376 (Fed. Cir. 2003). This Court has long recognized that the Court's Tucker Act jurisdiction does not extend to contracts that are implied in law. *Hercules, Inc. v. United States*, 516 U.S. 471, 423 (1996); *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1324 (Fed. Cir. 1997); *Lion Raisins, Inc. v. United States*, 54 Fed. Cl. 427, 431 (2002). And so, for plaintiffs' contract claim to fall within the Court's Tucker Act jurisdiction, plaintiffs must prove that they entered into an express or implied-in-fact contract with the United States. *Id*.

To establish the existence of an implied-in-fact contract with the United States, a plaintiff must allege "a mutual intent to contract, including an offer, an acceptance, and consideration." *Trauma Serv. Grp.*, 104 F.3d at 1326. Plaintiffs must also allege that the government representative who entered into the contract on behalf of the United States had actual authority to contractually bind the government. *Id*. Rule 9(k) of the Rules of the United States Court of Federal Claims further requires that, when pleading an express or implied-in-fact contract with the government, plaintiffs must "identify the substantive provisions of the contract or treaty on which the party relies." RCFC 9(k). "In lieu of a description, [plaintiffs] may annex to the complaint a copy of the contract or treaty, indicating the relevant provisions." *Id*.; *see also Gonzalez-McCaulley Inv. Grp., Inc. v. United States*, 93 Fed. Cl. 710, 715 (2010).

### D.     Illegal Exaction

While this Court typically does not possess subject-matter jurisdiction to consider due process claims, the Court may consider claims that the government illegally exacted property "without due process of law, in contravention of the Due Process Clause of the Fifth Amendment to the Constitution." *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (citing *Casa De Cambio Comdiv v. United States*, 291 F.3d 1356, 1363 (Fed. Cir. 2002)); *see also N.*

*Cal. Power Agency v. United States*, 122 Fed. Cl. 111, 115 (2015) (citing *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996)); *James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998).  In this regard, the United States Court of Appeals for the Federal Circuit has held that this Court possesses jurisdiction to consider illegal exaction claims "'when the exaction is based upon an asserted statutory power.'"  *Norman*, 429 F.3d at 1095 (quoting *Aerolineas Argentinas*, 77 F.3d at 1573); *Casa De Cambio Comdiv*, 291 F.3d at 1363; *Caldera*, 159 F.3d at 581; *Sartori v. United States*, 58 Fed. Cl. 358, 362 (2003).

The Federal Circuit has held that an illegal exaction occurs when a "'plaintiff has paid money over to the [g]overnment, directly or in effect, and seeks return of all or part of that sum' that 'was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'"  *Aerolineas Argentinas*, 77 F.3d at 1572-73 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967)).  In addition, the Federal Circuit has further held that "[t]o invoke Tucker Act jurisdiction over an illegal exaction claim," a plaintiff must demonstrate that the exaction was directly caused by the misapplication of a statute or regulation.  *Norman*, 429 F.3d at 1095-96.  Plaintiffs must also establish that the statute or provision causing the exaction provides for a return of the money unlawfully exacted, either by its express terms or by necessary implication, when the statute or provision is violated. *Id.* at 1095-96 (citing *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1373 (Fed. Cir. 2000)).  And so, to assert a valid illegal exaction claim, plaintiffs must show that: (1) they "[have] paid money over to the government, directly or in effect;" (2) the exaction was directly caused by the misapplication of a provision of the Constitution, a statute or a regulation; and (3) the violated law provides for "a return of [the] money unlawfully exacted."  *Norman*, 429 F.3d at 1095-96 (citations omitted); *see also Aerolineas Argentinas*, 77 F.3d at 1572-73.

In addition, this Court has recognized illegal exactions that are direct, as well as illegal exactions that are "in effect."  *Aerolineas Argentinas*, 77 F.3d. at 1573.  A direct illegal exaction occurs when money is paid directly to the government as a result of the application of a statute or a regulation.  *Id.*; *see also Casa de Cambio Comdiv*, 48 Fed. Cl. 137 at 144-45.  By contrast, an "in effect" illegal exaction may occur when the government requires a plaintiff to make a payment on its behalf to a third-party or when the government exacts property which it later sells and for which it receives money.  *Aerolineas Argentinas*, 77 F.3d at 1573-74 (citing *Clapp v. United States*, 127 Ct. Cl. 505, 512-13 (1954)); *Bowman v. United States*, 35 Fed. Cl. 397, 401

(1996) (stating that "cases such as the instant one—where the [g]overnment exacts property which it later sells and for which it receives money—must necessarily qualify for consideration under the established illegal exaction jurisdiction").

### E.     Relevant USPTO Statutes And Regulations

Pursuant to title 35, United States Code, section 132(a), the USPTO must notify a patent applicant "[w]henever, on examination, any claim for a patent is rejected, or any objection or requirement made." 35 U.S.C. § 132(a). Section 132(a) further requires that the USPTO state "the reasons for such rejection, or objection or requirement, together with such information and references as may be useful in judging of the propriety of continuing the prosecution of his application." *Id.* If after receiving such information the patent applicant "persists in his claim for a patent . . . the application shall be reexamined." *Id.*

In addition, the USPTO's regulations define when notice to applicants is required and what information shall be provided to the applicant. 37 C.F.R. § 1.104. The relevant regulation requires that patent applicants "be notified of examiner's action" and that the USPTO issue an Office action, stating the reasons for the adverse action and providing "such information or references . . . as may be useful in aiding the applicant . . . to judge the propriety of continuing the prosecution." *Id.*

## IV.   DISCUSSION

The government has moved to dismiss plaintiffs' amended complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(1) and RCFC 12(b)(6). *See* Def. Mot. For the reasons set forth below, the Court grants the government's motion to dismiss.

### A.     Plaintiff eVideo Owners Lacks Standing To Bring Its Claim

As an initial matter, plaintiff eVideo Owners lacks standing to pursue its claim because eVideo Owners has never owned any of the patent applications at issue in this matter. As established above, plaintiffs must demonstrate: (1) injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'" to establish standing. *Lujan*, 504 U.S. at 560-61 (quoting *Simon*, 426 U.S. at 38, 43); Pl. Opp. at 20 n.6.

In its motion to dismiss, the government argues that eVideo Owners lacks standing to bring this action, because eVideo Owners has never owned DiDomenico Patent Application 1 or DiDomenico Patent Application 2. Def. Mot. at 4. In this regard, the government further argues that another entity−eVideo, Incorporated−is the owner of these patent applications. *Id.* Plaintiffs do not dispute that eVideo Owners never owned, nor served as an assignee of, DiDomenico Patent Application 1 or DiDomenico Patent Application 2. Pl. Opp. at 19-20.[2] It is also without dispute that eVideo Owners does not own any of the other patent applications at issue in this case. *See generally* Am. Compl. Given this, eVideo Owners simply could not have suffered any injury related to the processing of the patent applications at issue in this case. *See Lujan*, 504 U.S. at 560-61. And so, eVideo Owners lacks standing to bring its claim. RCFC 12(b)(1).

### B. Plaintiffs Fail To Establish An Implied-In-Fact Contract

The Court must dismiss the remaining plaintiffs' breach of contract claim because plaintiffs have not established the existence of an implied-in-fact contract with the United States. RCFC 12(b)(1) and 12(b)(6). It is well established that plaintiffs bear the burden of proving the existence of an express or implied contract with the United States. *See D & N Bank*, 331 F.3d at 1376. To satisfy this burden, plaintiffs must allege "a mutual intent to contract, including an offer, an acceptance, and consideration." *Trauma Serv. Grp.*, 104 F.3d at 1326. Plaintiffs must also show that the government representative who entered into the contract on behalf of the United States had the authority to contractually bind the government. *Id.* In addition, this Court has long recognized that the Court's Tucker Act jurisdiction does not extend to contracts that are implied in law. *Hercules, Inc.*, 516 U.S. at 423; *Id.* at 1324; *Lion Raisins*, 54 Fed. Cl. at 431. And so, the Court does not possess subject-matter jurisdiction to consider claims based upon an implied-in-law contract. *Id.*

The Court must dismiss plaintiffs' breach of contract claim here, because plaintiffs allege that they have entered into implied-in-law−rather than implied-in-fact−contracts with the United States. In the amended complaint, plaintiffs allege that they entered into an implied-in-fact

---

[2] Plaintiffs attach a document styled as an assignment of rights and reversion agreement, dated March 27, 2001, to their opposition to the government's motion to dismiss. Pl. Opp. at Ex. 3. In that document, Dr. DiDomenico assigns his ownership rights in DiDomenico Patent Application 1 and DiDomenico Patent Application 2 to eVideo, Incorporated. *Id.* Plaintiffs acknowledge that eVideo, Incorporated dissolved in 2009. Pl. Opp. at 20.

contract with the United States each time that plaintiffs submitted a patent application to the USPTO. Am. Compl. at ¶ 74; Pl. Opp. at 5-8. In this regard, plaintiffs contend that the USPTO breached these implied-in-fact contracts by failing to notify plaintiffs of the fact that their patent applications had been referred to the S.A.W.S. program. Am. Compl. at ¶ 41; Pl. Opp. at 8, 10, 17.

A plain reading of the amended complaint makes clear that plaintiffs rely upon the USPTO's notice statute and its implementing regulation to establish the existence of their alleged contracts with the government. Am. Compl. at ¶ 64; *see also* Pl. Opp. at 5-6, 9-10. In this regard, plaintiffs state in the amended complaint that they and other patent applicants "were not notified, *in accordance with 35 U.S.C. § 132(a)* . . . [about the] reasons for a rejection, or objection or requirement associated with the S.A.W.S. designation [of their patent applications]." Am. Compl. at ¶ 63 (emphasis supplied). Plaintiffs further state that they "were denied notice under 35 U.S.C. § 132(a) and 37 C.F.R. § 1.104(a)(2)" prior to paying the official fees and attorney's fees necessary to prosecute their patent applications after the referral to the S.A.W.S. program. *Id.* at ¶ 64. In addition, in their opposition to the government's motion to dismiss, plaintiffs also contend that:

> 35 U.S.C. §132(a) sets a mandatory performance condition that is incumbent upon the USPTO for its fulfillment of the implied-in-fact contracts between patent applicants and the USPTO. Breaches by the USPTO arose in the USPTO's intentional omissions and, in some cases, outright refusals to notify Plaintiffs of the S.A.W.S. program designation applied to their patent applications. Notification to patent applicants of any type of objection and/or rejection by the USPTO during the examination process of a patent application is mandated by 35 U.S.C. §132(a) and 37 C.F.R. §1.104(a)(2).

Pl. Opp. at 5-6.

This Court has long recognized that "a duty imposed by law [does] not create a contract within the Tucker Act jurisdiction of the [C]ourt." *See Lion Raisins, Inc.*, 54 Fed. Cl. at 432; *see also City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998) ("Implied-in-fact contracts, which are within the jurisdiction of the Court of Federal Claims, differ significantly from implied-in-law contracts, which impose duties that are deemed to arise by operation of law and are outside the jurisdiction of the Court of Federal Claims."). Here, it is clear that plaintiffs point to a duty that arises by operation of law to establish the alleged contracts with the United

States.  *See* 35 U.S.C. § 132(a); 37 C.F.R. § 1.104(a)(2).  Such a duty cannot create an implied-in-fact contract that would fall within the Court's jurisdiction under the Tucker Act.  *Lion Raisins*, 54 Fed. Cl. at 432.  And so, the Court must dismiss plaintiffs' breach of contract claim for lack of subject-matter jurisdiction.  RCFC 12(b)(1).[3]

### C.    The Court Must Also Dismiss Plaintiffs' Illegal Exaction Claims

Plaintiffs similarly fail to establish that the Court may entertain their illegal exaction claims.  And so, for the reasons discussed below, the Court must dismiss these claims pursuant to RCFC 12(b)(1) and 12(b)(6).

#### 1.    The Court Does Not Possess Jurisdiction To Consider Plaintiffs' Illegal Exaction Claim Regarding The Payment Of Official Fees

As an initial matter, the Court does not possess jurisdiction to consider plaintiffs' illegal exaction claim related to their payment of official fees to the USPTO.  In this regard, it is well established that an illegal exaction claim exists when a "'plaintiff has paid money over to the [g]overnment, directly or in effect, and seeks return of all or part of that sum' that 'was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'"  *Aerolineas Argentinas*, 77 F.3d at 1572-73 (quoting *Eastport S.S. Corp*, 372 F.2d at 1007).  The United States Court of Appeals for the Federal Circuit has also held that to assert a valid illegal exaction claim, plaintiffs must show that: (1) they "[have] paid money over to the government, directly or in effect;" (2) the exaction was directly caused by the misapplication of a provision of the Constitution, a statute, or a regulation; and (3) the violated law provides for "a return of [the] money unlawfully exacted."  *Norman*, 429 F.3d at 1095-96 (citations omitted); *see also Aerolineas Argentinas*, 77 F.3d at 1572-73.[4]

---

[3] For the same reason, the Court must also dismiss plaintiffs' breach of contract claims for failure to state a claim pursuant to RCFC 12(b)(6).

[4] In the amended complaint, plaintiffs cite to 35 U.S.C. § 132(a), 37 C.F.R. § 1.104(a)(2) and 37 C.F.R. § 1.17 to establish jurisdiction. Am. Compl. at ¶ 16.  But, none of these provisions "mandate compensation for damages sustained as a result of the breach of the duties they impose." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005).  Plaintiffs also cite to various USPTO's fee regulations set forth in 37 C.F.R. §§ 1.16, 1.17, 1.18, 1.19, 1.20, 1.445, 1.492 and 1.482. Pl. Supp. at 1; Pl. Resp. to Def. Supp. at 1.  But, plaintiffs do not contend that the misapplication of these regulations caused the illegal exaction alleged in the amended complaint.  And so, plaintiffs cannot rely upon these regulations to establish jurisdiction under the Tucker Act. *Norman v. United States*, 429 F.3d 1081, 1095-96 (Fed. Cir. 2005).

Plaintiffs fail to establish that the Court possesses jurisdiction to consider their illegal exaction claim to recover official fees in this case, because they do not show that the alleged misapplication of the USPTO's notice statute and its implementing regulation directly caused the illegal exaction. *Norman*, 429 F.3d at 1096. In their supplemental briefs, plaintiffs argue that an illegal exaction has occurred in this case, because they might have taken a different approach to the prosecution of the patent applications had plaintiffs been notified of the referral to the S.A.W.S. program.[5] Pl. Supp. at 3. Plaintiffs further argue that one or more of the different approaches that they might have taken could have reduced the amount of the official fees paid to the USPTO. *Id*. at 4.

But, plaintiffs also acknowledge that, had they actually been notified of the referral to the S.A.W.S. program, they may not have ceased the prosecution of their patent applications. *See* Pl. Supp. at 3; Def. Resp. to Pl. Supp. at 5; Pl. Rep. to Supp. at 2. In fact, four of the five options that plaintiffs outline in their briefs to show how they might have prosecuted their patent applications differently involve continuing with the prosecution of these patent applications—and apparently paying the official required fees for doing so. Pl. Supp. at 3. Given this, plaintiffs have simply not shown how the alleged misapplication of the USPTO's notice statute and its implementing regulation could have *directly* resulted in the illegal exaction of the official fees paid to process their patent applications. *Norman*, 429 F.3d at 1096. And so, plaintiffs have not satisfied the jurisdictional requirement under *Norman* to show that the violation of these notice provisions directly caused the illegal exaction alleged in this case. *Id*.; RCFC 12(b)(1).

Plaintiffs also fail to establish that the Court possesses jurisdiction to entertain their illegal exaction claim related to official fees because the USPTO's notice statute and implementing regulation do not provide for the return of money unlawfully exacted. *Id.* (citing *Cyprus Amax Coal Co.*, 205 F.3d at 1373). As discussed above, an illegal exaction claim brought under the Tucker Act must also pertain to a statute or regulation that if violated provides for the "return of money unlawfully exacted." *Norman*, 429 F.3d at 1095 ("a claimant must demonstrate that the statute or provision causing the exaction itself provides . . . that 'the remedy

---

[5] Plaintiffs also allege a substantive due process claim in the amended complaint. Am. Compl. at ¶¶ 27, 68-74. This Court has long recognized that substantive due process claims do not fall within the limited jurisdiction of this Court. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983). And so, the Court does not possess jurisdiction to entertain that claim. RCFC 12(b)(1).

*for its violation* entails a return of money unlawfully exacted'" (quoting *Cyprus Amax Coal Co.*, 205 F.3d at 1373) (emphasis supplied)). In the amended complaint, plaintiffs allege that the USPTO violated 35 U.S.C. § 132(a) and 37 C.F.R. § 1.104(a)(2). Am. Compl. at ¶¶ 42, 64. But, neither of these notice provisions expressly, or by necessary implication, provide for "a return of money unlawfully exacted." 35 U.S.C. § 132(a); 37 C.F.R. § 1.104(a)(2); *see also Norman*, 429 F.3d at 1095. And so, plaintiffs have not established that the Court possesses jurisdiction to consider their illegal exaction claim with respect to the payment of official fees. *Id.* at 1095-96 (citing *Cyprus Amax Coal Co.*, 205 F.3d at 1373). [6]

### 2. Plaintiffs Do Not Allege A Plausible Illegal Exaction Claim Regarding The Payment Of Attorney's Fees

The Court must also dismiss plaintiffs' illegal exaction claim related to payment of attorney's fees for failure to state a claim. In the amended complaint, plaintiffs allege that the USPTO illegally exacted certain fees that plaintiffs paid to their attorneys in connection with the prosecution of their patent applications. Am. Compl. at ¶¶ 42, 64, 72. Because this claim involves the payment of money to plaintiffs' attorneys, rather than to the government, the Court construes plaintiffs' claim to be a claim involving an illegal exaction "in effect." *See Aerolineas Argentinas*, 77 F.3d at 1573-74.

It is well established that to allege a plausible claim of an illegal exaction in effect, plaintiffs must show either that the government requested the payment of these attorney's fees, or that the government benefitted from the payment of the fees. *Id.*; *see also Bowman*, 35 Fed. Cl. at 401. Plaintiffs make no such showing here. Rather, the amended complaint makes clear that the payment of these fees was at the behest of, and for the benefit of, plaintiffs in the prosecution of their patent applications. Am. Compl. at ¶ 64, Prayer for Relief; *see Aerolineas Argentinas*, 77 F.3d at 1573-74. Given this, plaintiffs simply do not state a plausible illegal exaction claim with respect to the payment of attorney's fees. And so, the Court must dismiss plaintiffs' illegal exaction claim related to these fees for failure to state a claim. RCFC 12(b)(6).

---

[6] Because the Court dismisses plaintiffs' illegal exaction claim related to the payment of official fees upon other grounds, the Court does not reach the issue of whether dismissal of this claim is also warranted due to the fact that the Court's Tucker Act jurisdiction is displaced by the statutory and regulatory scheme for refunding official fees provided for in 35 U.S.C. § 42(d) and 37 C.F.R. § 1.26. Def. Mot. at 13; *see also* 35 U.S.C. § 42(d); 37 C.F.R. § 1.26.

### D. Plaintiffs' Motion For Oral Argument Is Moot

Plaintiffs have also filed a motion for oral argument. *See* Pl. Mot. for Oral Argument. Because the Court has determined that dismissal of this matter is warranted for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, the Court denies plaintiffs' motion as moot. *See, e.g.*, *Wojtczak v. United States*, No. 12-449C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because plaintiff . . . has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

## V. CONCLUSION

In sum, when reading the amended complaint in the light most favorable to plaintiffs and drawing all reasonable inferences in plaintiffs' favor, the Court must conclude that dismissal of this case is warranted.

Plaintiffs have simply not met their burden to show that the Court possesses jurisdiction to consider their claims. It is without dispute that plaintiff eVideo Owners never owned any of the patent applications at issue in this matter. And so, eVideo Owners lacks standing to bring its claim. It is similarly without dispute that plaintiffs rely upon the USPTO's notice statute and its implementing regulation to show existence of their alleged contracts with the government and that the Court does not possess jurisdiction to consider claims based upon such implied-in-law contracts.

The Court is also without jurisdiction to consider plaintiffs' illegal exaction claim to recover official fees, because plaintiffs have not demonstrated that the alleged misapplication of the USPTO's notice statute and regulation directly caused the illegal exaction alleged by plaintiffs, or that these notice provisions provide for the return of money. In addition, plaintiffs fail to state a plausible illegal exaction claim with respect to the payment of attorney's fees, because they cannot show that the government requested, or benefitted from, the payment of these fees.

And so, for the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss and **DENIES**, as moot, plaintiffs' motion for oral argument.

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED**.


       s/Lydia Kay Griggsby                  
LYDIA KAY GRIGGSBY
Judge

# In the United States Court of Federal Claims

**No. 15-413 C**

**EVIDEO OWNERS,
ET AL.**

**JUDGMENT**

**v.**

**THE UNITED STATES**

Pursuant to the court's Memorandum Opinion and Order, filed March 31, 2016, granting defendant's motion to dismiss,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiffs' complaint is dismissed.  Each party shall bear its own costs.

Hazel C. Keahey
Clerk of Court

**March 31, 2016**                    By:     s/ Debra L. Samler

Deputy Clerk

NOTE: As to appeal, 60 days from this date, see RCFC 58.1, re number of copies and listing of all plaintiffs.  Filing fee is $505.00.